## BOARD OF COMMISSIONERS OF MECKLENBURG COUNTY v. MECKLENBURG HIGHWAY COMMISSION.

(Filed 14 December, 1921.)

**Highways — Counties — Roads — Statutes— Contracts—County Funds— State Highway Commission.**

> Where the commissioners of a county having control of the public roads and the funds available for that purpose, have agreed with the State Highway Commission to pay half of the cost of construction of a certain highway of the county, and before its completion are superseded by a county highway commission created by an act of the Legislature, to which the control of the highways and of the available funds for the purpose are to be paid, etc.: *Held*, the county highway commission should assume the balance of the obligation to the State Highway Commission on the public road in question, and relieve the commissioners of the county thereof.

APPEAL by plaintiff from *Shaw, J.,* at the October Term, 1921, of MECKLENBURG.

Controversy without action, submitted on an agreed statement of facts.

There was a judgment in favor of the defendant, from which the plaintiff appealed.

*Cansler & Cansler for plaintiff.*
*J. L. DeLaney for defendant.*

STACY, J. The following statement of the controversy, as taken from the facts agreed, will suffice for our present decision:

1. The Legislature of 1921 established the Mecklenburg Highway Commission, ch. 383, Public-Local Laws, and provided in section 4 of said act as follows:

"The Mecklenburg Highway Commission shall be invested with all the road powers, and shall perform all the road duties which have heretofore been performed and exercised by the board of county commissioners of Mecklenburg County or by the road officials of the several townships within said county, or by any other body or person now or heretofore acting under authority of existing law in relation to the public roads of said county (other than the power to borrow money, issue evidences of indebtedness and levy taxes), whether under general law or a special law; and the management and control of all the public roads in said county shall be vested absolutely and entirely in the Mecklenburg Highway Commission, except roads under the exclusive control and management of the authorities of an incorporated city or town or the authorities of the State of North Carolina."

And again, in section 12: "All moneys on hand when this act takes effect or taxes received which were or shall be raised by Mecklenburg County, or by or on behalf of any township therein, for road purposes (other than money raised to pay the principal and interest of bonds or other outstanding indebtedness), whether raised by taxation, bond issues, or otherwise, shall, upon taking effect of this act, or when they are collected, be deposited with the county treasurer and kept by him in a separate.fund or funds, and paid out only upon written orders of the highway commission, signed by the chairman and secretary, and countersigned by one other member of the commission. All road machinery, stock, implements, and other property owned or used by Mecklenburg County, or by any township therein, shall, upon the taking effect of this act, be turned over to the highway commission."

2. On 4 April, 1921, the Mecklenburg Highway Commission assumed jurisdiction and control of all road work·in Mecklenburg County which had theretofore been exercised by the county board of commissioners and the trustees of the various townships in said county.

3. In 1919 the commissioners of .Mecklenburg County entered into a contract with the State Highway Commission whereby they agreed to pay one-half the cost of laying out and constructing about fourteen miles of road in Mecklenburg County, known as project No. 55, which work the State Highway Commission was undertaking on its part with moneys derived from State and Federal aid.

4. On 4 April, 1921, the date that the Mecklenburg Highway Commission assumed jurisdiction and control over the public roads and highways of Mecklenburg County, under the act creating said commission, there remained uncompleted, under project No. 55, work amounting to $42,703.64, which was thereafter completed by the contractor, to whom the contract for said project had been previously let by the State Highway Commission, the board of commissioners of Mecklenburg County having paid the said highway commission one-half the cost of work done under said project, prior to the said 4 April, 1921.

5. Under the provisions of ch. 2, Public Laws of 1921, the highway of which project No. 55 is a part was designated and laid out as a State highway, and the control and jurisdiction over said road was vested by said act in the State Highway Commission.

Upon these, the facts chiefly relevant, the question submitted for decision is whether the $42,703.64 now due the State Highway Commission by the county of Mecklenburg for work done on project No. 55, since 4 April, 1921, shall be paid by the Mecklenburg Highway Commission or by the board of commissioners of said county.

It will be observed that the Mecklenburg Highway Commission has succeeded to all the powers and duties heretofore performed by the board

of commissioners or other officials of Mecklenburg County, with respect to any and all kinds of work connected with the public roads of the county. It is also provided that all moneys of the county available for road purposes, "whether raised by taxation, bond issues, or otherwise," shall be placed to the credit of the Mecklenburg Highway Commission. And in section 14 of the act above mentioned it is further provided: "The board of county commissioners shall also turn over to the county treasurer, to be applied to road improvement and construction, as much of the general county funds as may not be needed for other purposes."

From the foregoing it would seem that the clear intent of the Legislature was to vest all local authority over the roads of the county in the Mecklenburg Highway Commission, and to require the county commissioners to place all funds available for such purpose to the credit of said commission. Hence, we think it is but meet and in keeping with the true intent and spirit of the law to declare that the Mecklenburg Highway Commission should assume the balance of the obligation accruing for work done on project No. 55, after 4 April, 1921.

We are also asked to say out of what particular fund this item should be paid. As now advised, we think this is a matter of indifference; but, there being no funds in hand except those derived from the sale of bonds, we see no reason why it should not be paid from these funds.

Reversed.